STATE OF MISSOURI    )
                             ) ss.
COUNTY OF DUNKLIN   )

IN THE CIRCUIT COURT OF DUNKLIN COUNTY, MISSOURI

LARRY CRONAN and MAAT VAN UITERT,  )
                                         )
                    Plaintiffs,    )   Case No. _____
vs.                                        )
                                         )
FREEBORN TOWNSHIP, DUNKLIN COUNTY,)
                                         )
                  Defendant.    )

## PETITION FOR DAMAGES

COME NOW Plaintiffs, Larry Cronan and Maat Van Uitert, and for their claims against Defendant Freeborn Township, Dunklin County, hereby state and allege as follows:

### PARTIES

1. Plaintiffs, Larry Cronan and Maat Van Uitert, are husband and wife and property owners residing at 21003 County Road 322, Clarkton, Missouri, which is located within Freeborn Township, Dunklin County, Missouri.

2. On information and belief, Defendant, Freeborn Township, Dunklin County, is a public government body organized under the laws of the State of Missouri. Defendant may be served by serving Johnny Hardcastle at 301 First Street, Kennett, Missouri.

### JURISDICTION AND VENUE

3. Section 478.070 RSMo., grants this Court original subject matter jurisdiction over civil matters.

4. Section 506.500 RSMo., grants this Court personal jurisdiction because, among other things, properties at issue in this action are located in Dunklin County, and Defendant is either a resident of Dunklin County, transacted business in Dunklin County, and/or performed construction activities in Dunklin County related to this action.

5. Pursuant to Section 508.010 RSMo., venue is proper in Dunklin County because the property damaged and at issue in this action is located in Dunklin County, Defendant is resident of Dunklin County, and Plaintiffs were injured in Dunklin County due to wrongful acts by Defendant.

## FACTUAL BACKGROUND

6. Plaintiffs are the owners of the following described property in Clarkton, Missouri:

A part of the Southeast Quarter of the Southeast Quarter (SE 1/4 SE 1/4) of Section 19 and a part of the Southwest Quarter of the Southwest Quarter (SW 1/4 SE 1/4) of Section 20, all in Township 21 North, Range 10 East of the Fifth Principal Meridian, Dunklin County, Missouri and being further described as follows: Beginning at the Southeast (SE) corner of the said SE 1/4 SE 1/4 and run thence North 89°18'37" West 167.00 feet; thence North 00°14'06" East 266.08 feet; thence North 87°31'35" East 729.50 feet; thence North 01°28'06" West 66.00 feet; thence North 28°43'46" East 60.25 feet; thence North 84°30'18" East 432.50 feet; thence South 03°42'11" East 461.93 feet; thence North 89°56'32" West 1050.54 feet to the point of beginning and containing 9.51 acres, more or less. Subject to road right of way and easements of record, if any. LESS AND EXCEPT 2.3 acres for school site in the Southwest corner of the Southwest Quarter of the Southwest Quarter of said Section 20. (Jerry K. Price MO LS No. 1823/Skelton & Associates, Project #14047)

7. Plaintiffs reside on the property located at 21003 County Road 322, Clarkton, Missouri, and operate a business from the out buildings located on the property at 21165 County Road 322, Clarkton, Missouri. Both addresses are located on the property described in Paragraph 6.

8. Defendant maintains the public road in front of and adjacent to the Plaintiffs' property.

9. Defendant, as a public government body, had the power to exercise eminent domain.

## DEFENDANT'S CONSTRUCTION ON THE PUBLIC ROAD

10. For several years, Defendant has engaged in construction work on the public road to keep it in driveable condition and to keep water from "ponding" or standing on the road.

11. Part of the construction included altering the height and the drainage of the public road.

12. The Defendant's construction work on the public road purposefully and intentionally caused increased amounts of surface water to be dispersed onto the Plaintiffs' property, and to be impounded on the Plaintiffs' property, due to improper grading and drainage.

13. Defendant knew or should have known that the increased volume of surface water impounded on Plaintiffs' property would cause damage to Plaintiffs' property and business.

14. Plaintiffs were never consulted about the plan to alter the road and the resulting increase in the amount of surface water run-off onto their property.

15. Defendant's work on the public road was either negligently, purposefully or intentionally performed so that surface water from the public road is being dumped directly onto the Plaintiffs' property and water cannot escape from Plaintiffs' property in a timely fashion, causing significant damage and loss of use.

## THE CONDITIONS CREATED BY
## DEFENDANT'S FLOODING OF PLAINTIFFS' PROPERTY

16. Since the completion of the Defendant's work on the public road, the Plaintiffs' property has flooded on multiple occasions.

3

17. After each time of flooding, Plaintiffs are forced to close their business, perform cleanup, and make repairs to their property. The water now takes days to recede.

18. After each time of flooding, personal property was rendered useless, damaged and/or ruined.

19. Plaintiffs' source of income is from the business operated on the property. Each time the property is flooded as a result of the Defendant's work on the public road, Plaintiffs are damaged.

20. The flooding caused by Defendant is a detriment and has interfered with Plaintiffs' daily lives and their ability to generate income.

21. The improper construction causes the Plaintiffs to live in continual fear that their out buildings could flood, and causes significant property damage to Plaintiffs' out buildings and business.

22. Defendant has taken no steps to correct the flooding it has caused on the Plaintiffs' property, despite being timely notified of the issue.

23. Defendant's construction activities and the resulting flooding of Plaintiffs' property constitutes a taking of Plaintiffs' property for public use without just compensation, which is permanent and continuing.

## COUNT I
## INVERSE CONDEMNATION

24. Plaintiffs hereby incorporate by reference all allegations contained in the foregoing paragraphs as if fully set forth herein.

25. Plaintiffs use their property as both a residence and a business.

26. As the owners and operators of their property, Plaintiffs put a significant amount of time, effort, and money into improving their home and business.

4

27. Defendant has caused severe flooding on Plaintiffs' property that has resulted in significant damage to and a taking of the property.

28. Defendant damaged Plaintiffs' property by its work on the public road without compensating Plaintiffs for the damage to their property.

29. Defendant damaged Plaintiffs' property by improperly grading of the public road by causing surface water to pond on the Plaintiffs' property without compensating Plaintiffs for the damage to their property.

30. Defendant's activities were unreasonable.

31. The Defendant's actions have diminished the economic value of the Plaintiffs' property, and Defendant has thereby taken Plaintiffs' property for a public use or purpose. Plaintiffs have been deprived of the full and complete reasonable or economic use of the property without just compensation.

32. Plaintiffs have suffered actual and compensatory damages as a result of Defendants' unreasonable conduct, including but not limited to a reduction in the useful value of Plaintiffs' property, damage to Plaintiffs' personal property and equipment, and for inconvenience and discomfort for the loss and enjoyment of their home and business.

33. Despite demand by Plaintiffs, Defendant refused and failed to compensate Plaintiffs for the damage to and a taking of Plaintiffs' property.

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants and in favor of Plaintiffs as follows:

a. Actual and compensatory damages to be awarded against Defendants and in favor of the Plaintiffs in an amount to be determined at trial;

b. Plaintiffs to be awarded such other relief as may be deemed by this Court to be just and proper under the circumstances.

Electronically Filed - Dunklin - July 23, 2021 - 08:29 AM

## COUNT II
## PUBLIC ENTITY LIABILITY
## VIOLATION OF 42 U.S.C. SECTION 1983

34. Plaintiffs reallege the allegations contained in all prior paragraphs and includes them in this count as though fully restated herein.

35. Defendant and its decision makers, acting under color of law and with deliberate indifference, gross negligence, and reckless disregard for the constitutional and statutory rights of Plaintiffs, permitted, acquiesced in, and allowed the public road to be constructed and maintained in such fashion as to:

   a. Purposefully and intentionally cause increased amounts of surface water to be dispersed onto the Plaintiffs' property, and to be impounded on the Plaintiffs' property; and

   b. Force Plaintiffs, after each time of flooding, to close their business, perform cleanup, and make repairs to their property.

36. The Defendant's actions under color of law deprived Plaintiffs of the rights, privileges and immunities secured by the Fifth and Fourteenth Amendments to the Constitution of the United States, violating 42 U.S.C. Section 1983, in that their private property has been taken for public use without just compensation and without due process of law.

37. As a direct and proximate result of this conduct by the Defendant, Plaintiffs sustained and suffered the damages outlined herein, as well as incurring litigation costs and attorney's fees.

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants and in favor of Plaintiffs as follows:

Electronically Filed - Dunklin - July 23, 2021 - 03:29 AM

a. Actual and compensatory damages to be awarded against Defendants and in favor of the Plaintiffs in an amount to be determined at trial;

b. Plaintiffs to be awarded such other relief as may be deemed by this Court to be just and proper under the circumstances.

Respectfully submitted,

KENNEDY, KENNEDY, ROBBINS & YARBRO, LC

_____
Scott A. Robbins        #47550
1165 Cherry Street
P. O. Box 696
Poplar Bluff, MO 63902
Telephone: (573) 686-2459
Telefax: (573) 686-7822
scott@kkrylawfirm.com

ATTORNEY FOR PLAINTIFFS
LARRY CRONAN and MAAT VAN UITERT

**21DU-CC00066**

Electronically Filed - Dunklin - July 23, 2021 - 08:29 AM

STATE OF MISSOURI )
)ss.
COUNTY OF BUTLER )

### PLAINTIFF'S AFFIDAVIT

We, Larry Cronan and Maat Van Uitert, the Plaintiffs, being first duly sworn, do hereby state upon our oath that the statements and allegations contained in the foregoing Petition are true and correct to the best of our knowledge, information and belief.

_____
Larry Cronan

_____
Maat Van Uitert

SUBSCRIBED AND SWORN to before me, a Notary Public at office in Poplar Bluff, Missouri, this 9th day of July, 2021.

_____
Notary Public

SCOTT A. ROBBINS
Notary Public - Notary Seal
STATE OF MISSOURI
Butler County
Commission # 12473804
My Commission Expires: 11-03-2024

(Seal)